SAM KAPLAN MANUFACTURING & SUPPLY CO., INC., Respondent, v. MOTORIZED TALKING PICTURE SERVICE, INC., Appellant.

First Department, January 19, 1934.

*Copal Mintz* of counsel [*Samuel M. Birnbaum* with him on the brief; *Samuel M. Birnbaum* and *Copal Mintz*, attorneys], for the appellant.

*Harold Mortimer Brown*, for the respondent.

PER CURIAM. The complaint herein seeks to recover the sum of $4,983.20 for goods sold and delivered. The amended answer sets up two affirmative defenses and a counterclaim.

A motion was made by the plaintiff to strike out the defense contained in paragraphs marked " fourth," " fifth," " sixth," " seventh " and " eighth " of the said amended answer, on the ground that it was insufficient, and to dismiss the counterclaim on the ground that it was not a counterclaim that could be pleaded to plaintiff's cause of action. The court granted the motion.

It is evident that the counterclaim in conversion growing out of an independent transaction is in no way connected with the subject-matter of the complaint, and was not properly pleaded.

The allegations contained in paragraphs " fourth " to " eighth," inclusive, of the amended answer, if proved, may constitute a defense to the entire cause of action. It is alleged that the plaintiff corporation and defendant corporation are controlled by one Sam Kaplan, who was not only president of the plaintiff corporation, but is the sole person financially interested therein; that the capital stock of defendant corporation was owned by the Moving Picture Machine Operators Union Local 306 of the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada, a voluntary association of more than seven persons, and referred to as Local 306; that Kaplan was president thereof and that by virtue of his office Kaplan was also the president of the defendant corporation and was otherwise standing in a fiduciary relation to the defendant corporation and Local 306; that he caused the goods, wares and merchandise alleged in the complaint to be sold to the defendant and to be sent to the defendant although they were not necessary for the proper conduct of the affairs of defendant corporation, and that the alleged purchase thereof by the defendant corporation was made " fictitiously at exorbitant prices by the said Sam Kaplan, while in control of both the plaintiff and defendant corporations " and were made without any authority, and solely for the purpose of defrauding the defendant corporation for the benefit of Sam Kaplan individually.

The allegations of this defense are sufficient, if proved, to defeat the plaintiff's claim.

We are of opinion, therefore, that it was error to strike out the defense, and the order to that extent should be reversed, without costs, and the motion denied.

Present — FINCH, P. J., MARTIN, TOWNLEY, GLENNON and UNTERMYER, JJ.

Order modified by denying motion to strike out the defense contained in paragraphs marked fourth, fifth, sixth, seventh and eighth, and in other respects affirmed, without costs.